**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY, an | ) | |
|   Arizona corporation, | ) | |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-11-132-D |
| | ) | |
| JAMES W. KRINGLEN, an individual d/b/a AAA | ) | |
|   FIBERGLASS, INC., an Oklahoma corporation, | ) | |
| | ) | |
|       Defendant. | ) | |

**O R D E R**

Before the Court is the motion [Doc. No. 6] of Defendant to dismiss this action on the grounds that it duplicates litigation currently pending in the District Court of Caddo County, Oklahoma. Defendant also contends dismissal is proper because Plaintiff has failed to join a necessary party. Plaintiff timely responded to the motion.

Background:

Plaintiff Nautilus Insurance Company ("Nautilus") brought this declaratory judgment action to adjudicate the rights and liabilities under a contract of insurance issued by Nautilus to Defendant James W. Kringlen, doing business as AAA Fiberglass, Inc. ("Kringlen"). The policy was a general commercial liability policy ("Policy") insuring Kringlen's business, which included repairing fiberglass swimming pools.

In April of 2009, Robert and Toni Williamson (the "Williamsons") filed suit against Kringlen in the District court of Caddo County, Oklahoma ("Caddo County lawsuit"), seeking damages resulting from Kringen's allegedly negligent repair to their residential swimming pool. On August 13, 2010, the Williamsons obtained a judgment against Kringlen in the amount of $130,650.00, plus costs of $392.30 and attorney fees of $40,000.00. A copy of the Journal Entry of Judgment is

attached to the Complaint filed herein as Exhibit B.

In connection with the collection of the judgment, the Williamsons filed a garnishment affidavit in the Caddo County lawsuit, naming Nautilus as the garnishee and seeking recovery of the insurance policy proceeds in satisfaction of their judgment against Kringlen. A copy of the Garnishment Affidavit is attached to the Complaint as Exhibit C. On February 2, 2011, Nautilus filed an answer contesting the garnishment on the grounds that certain exclusions preclude coverage under the Policy. On February 11, 2011, Nautilus filed this declaratory judgment action in which it asks the Court to declare that it has no obligation to provide coverage under the Policy in these circumstances.

The Caddo County garnishment proceeding was set for a March 30, 2011 scheduling conference. However, on March 12, 2011, Nautilus filed a motion to continue that proceeding, asking the Caddo County court to withhold a decision pending this Court's adjudication of this declaratory judgment action. A copy of Nautilus's motion to continue is submitted as Exhibit 4 to its response [Doc. No. 7] to the motion to dismiss.

On March 22, 2011, after Nautilus filed its motion to continue the Caddo County garnishment proceeding, Kringlen filed the motion to dismiss this action. Kringlen asks this Court to dismiss or stay this action pending the adjudication of the garnishment proceeding. On March 30, 2011, the Caddo County court granted the motion to continue the garnishment proceeding.[1]

Although Nautilus initially argues the motion seeks dismissal for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6), the motion does not contest the sufficiency of the

---

[1]Although no written order memorializing that ruling is submitted by Nautilus, the docket sheet in the Caddo County lawsuit, attached to Nautilus's response to the motion as Exhibit 5, reflects that ruling, and Kringlen does not dispute that the motion was granted.

allegations in the Complaint.  Nautilus argues, in the alternative, that Kringlen's motion is governed by the *Colorado River*[2] doctrine applicable to parallel proceedings in state and federal courts and/or the *Brillhart* doctrine[3] governing a federal court's discretionary exercise of jurisdiction in declaratory judgment actions. As discussed herein, the Court concludes that the motion is properly analyzed according to *Brillhart* rather than *Colorado River.*

Application:

Initially, the Court notes Kringlen does not challenge this Court's jurisdiction over the subject matter or the parties.[4]   Where federal jurisdiction is proper, the "existence of proceedings in state court does not by itself preclude parallel proceedings in federal court." *Fox v. Maulding,* 16 F. 3d 1079, 1082 (10th Cir. 1994).  Instead, the question is whether the two actions may proceed simultaneously.   In cases other than declaratory judgment actions, a district court must apply the requirements of the *Colorado River* doctrine and determine whether it may dismiss or stay the federal action because of the pending state court proceeding.  "The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Fox,* 16 F.3d at 1080 (quoting *Colorado River,* 424 U. S. at 817).  "The *Colorado River* doctrine applies to 'situations involving the contemporaneous exercise of concurrent jurisdictions ... by state and federal courts.'"*Id.*

---

[2]*Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976).

[3]*Brillhart v. Excess Ins. Co.,* 316 U.S. 491 (1942).

[4]Federal jurisdiction is based on diversity of citizenship, as Nautilus alleges it is an Arizona corporation and that James W. Kringlen is a citizen and resident of Oklahoma County, Oklahoma, doing business as  AAA Fiberglass, Inc.  Nautilus also alleges the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

When the issue of contemporaneous proceedings is raised in a declaratory judgment action, however, the analysis is properly governed by *Brillhart*.   *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995)).   Where a declaratory judgment action is filed, "district courts have 'unique and substantial discretion' in determining whether to declare the rights of litigants when duplicative state proceedings exist."   *Id.*   In *Wilton,* the Supreme Court reaffirmed its *Brillhart* holding that district courts are "under no compulsion" to grant declaratory relief, but have the discretion to do so. *Wilton*, 515 U.S. at 286; *Brillhart,* 316 U.S. at 494-95.   Such discretion applies "even when the suit otherwise satisfies subject matter jurisdictional prerequisites."   *Wilton,* 515 U.S. at 282. According to the Tenth Circuit:

> The Federal Declaratory Judgments Act authorizes, but does not compel, federal jurisdiction over suits seeking *declaratory relief.*   Thus, *unlike coercive actions,* declaratory judgment actions do not invoke the federal judiciary's 'virtually unflagging obligation' to exercise its jurisdiction.

*United States v. City of Las Cruces*, 289 F. 3d 1170, 1181 (10th Cir. 2002) (emphasis in original) (quoting *Sinclair Oil Corp. v. Amoco Production Co.,* 982 F. 2d 437, 440 (10th Cir. 1992)).   If the federal plaintiff "only requests a declaration of its rights, not coercive relief, the suit is a declaratory judgment action for purposes of determining whether the district court has broad discretion under *Brillhart* to refuse to entertain the suit."   *Id.* (citation omitted).

In this case, Nautilus does not seek coercive relief, but asks the Court only to determine that it has no obligation to provide coverage to Kringlen under the Policy because certain exclusions preclude that obligation.   Accordingly, whether the Court should entertain jurisdiction is governed by *Brillhart* rather than by *Colorado River.*

The *Brillhart* analysis "differs fundamentally from the *Colorado River* analysis." *City of Las Cruces*, 289 F. 3d at 1182.   Under *Colorado River*, a court should decline jurisdiction only in

"exceptional circumstances" because of its "virtually unflagging obligation" to exercise the jurisdiction granted to it. *Id.* (quoting *Colorado River*, 424 U.S. at 817-18). "*Brillhart*, however, gives district courts a freer hand" because it applies only to declaratory judgment actions in which the courts have "unique and substantial discretion" regarding the exercise of jurisdiction. *Id.* In enacting the Declaratory Judgment Act, Congress "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton,* 515 U.S. at 288. It thus granted courts the discretion to "stay or dismiss an action seeking a declaratory judgment." *Id.*

To guide the courts in exercising the substantial discretion applicable to declaratory judgment actions, the Tenth Circuit has articulated several factors to be weighed. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F. 3d 979, 983 (10th Cir. 1994). According to the Circuit, the applicable factors are:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mhoon*, 31 F. 3d at 983; *see also City of Las Cruces*, 289 F. 3d at 1187.

Where there exists a contemporaneous proceeding, however, the analysis differs. In such cases, a district court should also consider whether the "'same fact-dependent issues are *likely* to be decided in another pending proceeding.'" *St. Paul Fire & Marine Ins. Co. v. Runyon,* 53 F. 3d 1167, 1169-80 (10th Cir. 1995) (emphasis in original)(quoting *Kunkel v. Cont'l Cas. Co.,* 866 F. 2d 1269, 1276 (10th Cir. 1989)). "[A] district court is 'under no compulsion to exercise'" its discretion to consider a declaratory judgment action "where the controversy may be settled more expeditiously

in the state court." *State Farm Mut. Automobile Ins. Co. v. Scholes*, 601 F. 2d 1151, 1154 (quoting

*Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 662-63 (1978)).  More specifically:

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to
> proceed in a declaratory judgment suit where another suit is pending in a state court
> presenting the same issues, not governed by federal law, between the same parties.
> Gratuitous interference with the orderly and comprehensive disposition of a state
> court litigation should be avoided.

*Brillhart,* 316 U. S. at 495.   To determine whether to exercise its jurisdiction and proceed with a

declaratory judgment action in such cases, courts should consider several factors:

> Where a district court is presented with a claim such as was made here, it should
> ascertain whether the questions in the controversy between the parties to the federal
> suit, and which are not foreclosed under the applicable substantive law, can better
> be settled in the proceeding pending in the state court. This may entail inquiry into
> the scope of the pending state court proceeding and the nature of defenses open there.
> The federal court may have to consider whether the claims of all parties in interest
> can satisfactorily be adjudicated in that proceeding, whether necessary parties have
> been joined, whether such parties are amenable to process in that proceeding, etc.

*Id.*

Applying *Brillhart* in a declaratory judgment action where there was a contemporaneous

state proceeding, the Court in *Wilton* determined the federal court "acted within its bounds in staying

this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation

of the same state law issues, were underway in state court."  *Wilton*, 515 U.S. at 290.

In this case, the same considerations warrant a stay of this declaratory judgment action.  It

is apparent from the pleadings submitted in this case and in the Caddo County garnishment

proceeding that the only issue to be determined in these two lawsuits is whether Nautilus is obligated

to provide coverage under the Policy.  The interpretation of the terms of an insurance policy is

governed by state law and basic rules of contract interpretation.  *See, e.g., Haworth v. Jantzen*, 172

P. 3d 193, 196 (Okla. 2006).  Obviously, the Caddo County District Court is well qualified to apply

the rules of contract interpretation to the Policy.  Nautilus asserts no issue or contention that involves a question of federal law.  There is no reason the issues regarding Policy coverage and exclusions cannot be fully adjudicated in the existing state court garnishment proceeding.  All parties are represented in that proceeding, and the Caddo County District Court is familiar with the facts and circumstances underlying both the Williamsons' claims and the issues regarding insurance coverage.

In *Wilton,*  issues similar to those raised in this case were presented.  The dispute in *Wilton* involved an insurer's refusal to defend or indemnify its insureds pursuant to several commercial liability policies.  After a verdict was rendered against the insureds, they notified the insurer of their intent to file a state court action to recover proceeds of the policies.  The insurer then filed a declaratory judgment action in federal court seeking a declaration that it was not obligated to defend or indemnify the insureds under the subject insurance policies; that suit was filed before the insureds filed their  state court action seeking relief under the same insurance policies.   Applying *Brillhart,* the federal district court stayed the declaratory judgment action, finding the state lawsuit encompassed the same coverage issues raised in the declaratory judgment action.  *Wilton,* 515 U.S. at 280.  The Fifth Circuit Court of Appeals affirmed that decision, and the insurer appealed.  The Supreme Court concluded that *Brillhart* governed the federal court's decision regarding whether to exercise its jurisdiction over the declaratory judgment action, and it held the decision to stay the federal action was a proper exercise of the court's discretion under the Declaratory Judgment Act. *Id.* at 290.

The facts in *Brillhart* are even more similar to those in this case.  There, an insurer was added as a party to a state court garnishment proceeding following a judgment against its insured. The insurer filed a declaratory judgment action in federal court, seeking a determination that it was

7

not obligated to provide coverage under the subject insurance policy.  The federal court dismissed the declaratory judgment action in favor of the state court garnishment proceeding.  The Court of Appeals reversed, finding an abuse of discretion in the dismissal.  However, the Supreme Court found the district court had properly exercised its discretion under the Declaratory Judgment Act in declining to exercise jurisdiction in favor of the pending state action.  The Supreme Court remanded the action to the district court to determine whether a stay would be more appropriate than dismissal. *Brillhart,* 316 U.S. at 494-95.

Applying the standards in *Brillhart* and *Wilton* to this case, the Court concludes that this action should be stayed pending the adjudication of the state court garnishment proceeding.[5]  This action will be stayed and administratively closed until the completion of the garnishment proceedings.  The parties are directed to notify the Court, forthwith upon the completion of the state court proceedings.  If a motion to reopen this action is not filed within thirty days after the completion of the state court proceedings, this action shall be dismissed with prejudice.

IT IS SO ORDERED this 3rd day of November, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5]Having reached this conclusion, the Court need not address Kringlen's alternative argument that the action should be dismissed for failure to join the Williamsons as necessary parties.  In any event, as Nautilus points out, dismissal would not be warranted on that basis because the Williamsons could be joined as parties, as their joinder would not impact diversity jurisdiction.